**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Brian Dombal,

Plaintiff,

v.

Trinity Health Corporation,

Defendant.

______________________________/

Case No. 25-cv-11910

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

# OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [24] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23] TO DENY DEFENDANT'S MOTION TO DISMISS [16]

Plaintiff Brian Dombal brings this collective action under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, on behalf of himself and other similarly situated individuals who have allegedly worked in "patient care roles" for Defendant Trinity Health Corporation. (ECF No. 1, PageID.1, ¶ 1.) Plaintiff challenges Defendant's alleged "policy and practice of deducting time from recorded hours for meal periods and/or requiring patient care staff to work through their unpaid meal periods without pay." (*See id.*)

Plaintiff filed his Complaint on June 25, 2025. (ECF No. 1.) The Complaint explains that Plaintiff is employed as a nurse at the Saint Francis Hospital and Medical Center in Hartford, Connecticut. (*Id.* at PageID.4, ¶ 11.) Plaintiff alleges that Defendant "owns and operates" Saint Francis along with other hospitals located in other states. (*Id.* at PageID.5, ¶¶ 13–14.) He further alleges that Defendant "jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Opt-in Plaintiffs along with the facilities where they worked." (*Id.* at PageID.6, ¶ 19.)

On September 16, 2025, Defendant filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, to strike certain allegations under Rule 12(f). (ECF No. 16.) Defendant argues that Plaintiff fails to plausibly allege that Defendant is his "employer" under the FLSA. (*See id.* at PageID.121–140.) Defendant also argues that Plaintiff does not plausibly have standing to sue it for unpaid wages due to the purported absence of an employer-employee relationship. (*See id.* at PageID.140–142.) Defendant contends, in the alternative, that the Court should dismiss or strike

Plaintiff's collective-action allegations. (*See id.* at PageID.142–146.) The motion is fully briefed. (*See* ECF No. 18, 19.)

The Court referred Defendant's motion to Chief Magistrate Judge David R. Grand for a Report and Recommendation (R&R). (*See* ECF No. 22.) On April 30, 2026, Judge Grand issued an R&R recommending that the Court deny Defendant's motion. (ECF No. 23.) Judge Grand analyzed Plaintiff's allegations and concluded that the Complaint plausibly alleges that Defendant is his employer under the FLSA. (*See id.* at PageID.222–224.) Judge Grand also concluded that Plaintiff has standing (*see id.* at PageID.227) and adequately pleads collective-action claims under the FLSA (*see id.* at PageID.227–230).

Defendant timely filed three objections to the R&R. (ECF No. 24.) Plaintiff filed a response to Defendant's objections. (ECF No. 25.)

For the reasons set forth below, Defendant's objections (ECF No. 24) are OVERRULED. The R&R (ECF No. 23) is ADOPTED and Defendant's motion to dismiss (ECF No. 16) is DENIED.

## I. Background

The background set forth in the R&R (ECF No. 23, PageID.213–214) is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that

objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

As noted, the R&R recommends that Defendant's motion to dismiss be denied. (ECF No. 23.) Defendant raises three objections to the R&R. (ECF No. 24.) The Court addresses each objection below.

### A. Objection No. 1: Sufficiency of Allegations Regarding Defendant's Status as an "Employer" Under the FLSA

Defendant first objects to the analysis that led Judge Grand to conclude that Plaintiff adequately alleges that Defendant is his employer under the FLSA. (*See* ECF No. 24, PageID.235–244.) Defendant's objection is overruled. The Court agrees with Judge Grand that Plaintiff adequately alleges that Defendant is his employer under the FLSA and finds no error in the R&R's analysis of this issue for the following reasons.

The FLSA defines the term "employer" broadly (and somewhat circularly) to include "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). Nothing precludes an employee from having more than one employer

under that definition. *See Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994) ("[M]ore than one 'employer' can be simultaneously responsible for FLSA obligations." (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991))).

The R&R identifies and discusses various "economics realities" standards that have been employed by courts in the Sixth Circuit to determine the existence of employer-employee relationships under the FLSA. (*See* ECF No. 23, PageID.217–222.) Judge Grand ultimately found the standard articulated in *Rhea v. W. Tenn. Violent Crime & Drug Task Force*, 825 F. App'x 272, 276 (6th Cir. 2020), to be the best fit for this case. (*See* ECF No. 23, PageID.220–222.) *Rhea* directs courts to consider four "nonexhaustive" factors, namely "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rhea*, 825 F. App'x at 276. Judge Grand concluded that Plaintiff adequately alleges an employer-employee relationship based on those factors. (ECF No. 23, PageID.222–224.)

Defendant's first objection to the R&R raises three principal arguments. Defendant argues that (1) the R&R improperly relies on a purported parent-subsidiary relationship between Defendant and Saint Francis Hospital or otherwise treats "enterprise level coordination," a "coordinated business system," and "generalized assertions of control" as sufficient to state a claim (ECF No. 24, PageID.237–239, PageID.243); (2) the Complaint lacks the factual detail required by *Twombly* and *Iqbal* (*id.* at PageID.239–241); and (3) the Complaint lacks "factual content showing that the defendant exercised meaningful control over the plaintiff's employment in practice" (*id.* at PageID.241–242). None of these arguments persuade the Court that Judge Grand erred in concluding that Plaintiff adequately alleges that Defendant is his employer.

i. Corporate Relationships and Structure

Defendant points repeatedly to its own characterization of its corporate relationships and the structure of these relationships to argue that Plaintiff fails to plausibly allege that Defendant is his employer. The Court is not persuaded.

First, the Court agrees with Judge Grand that Plaintiff does not rely on any purported parent-subsidiary relationship between Defendant

and any other entity to set forth a claim against Defendant. (*See* ECF No. 23, PageID.215–216.) The Complaint alleges that Defendant is itself an employer under the FLSA (*see, e.g.*, ECF No. 1, PageID.5, ¶ 15)—it does not allege that Defendant is the parent of a company that is Plaintiff's employer. Defendant thus misplaces its reliance on cases that address whether a parent can be held liable under state law for the actions of its subsidiary. *See Seasword v. Hilti, Inc.*, 449 Mich. 542, 547–48 (1995) (holding that a plaintiff could not pierce the corporate veil to hold a subsidiary liable for injuries allegedly caused by a product manufactured by its parent company); *Bodnar v. St. John Providence, Inc.*, 327 Mich. App. 203, (2019) (holding that a group of nurse anesthetists failed to establish a basis to pierce the corporate veil and recover against a hospital's alleged parent company in their case asserting state-law claims of breach of contract, promissory estoppel, and conversion). (*See* ECF No. 24, PageID.238 (citing *Seasword* and *Bodnar*).)

For similar reasons, the Court rejects Defendant's characterizations of the R&R as (i) crediting "abstract descriptions of corporate structure or enterprise level coordination" (ECF No. 24, PageID.237), (ii) "effectively replac[ing] the economic realities test with

a looser standard that asks only whether the defendant participates in a coordinated business system" (*id.* at PageID.238), and (iii) "rel[ying] on generalized assertions of control without factual detail tying the parent to the plaintiff's employment" (*id.* at PageID.239). The R&R does none of these things; rather, Judge Grand carefully considered whether Plaintiff's allegations regarding this Defendant satisfy the Sixth Circuit's "economic realities" standard. (*See* ECF No. 23, PageID.222–224.)

Defendant is not helped by the case law it cites to support this argument. Two of the cases it cites—*Bey v. WalkerHealthCareIT, LLC*, No. 2:16-CV-1167, 2018 WL 2018104, at *9 (S.D. Ohio May 1, 2018) (cited in ECF No. 24, PageID.236–237) and *Gonzalez v. HCA, Inc.*, No. 3:10-00577, 2011 WL 3793651, at *13–14 (M.D. Tenn. Aug. 25, 2011) (cited in ECF No. 24, PageID.239)—address corporate relationships only when addressing the separate issue of whether two entities were in fact one integrated enterprise for purposes of the FLSA; neither suggests that the possible existence of a "coordinated business system" or a possible parent-subsidiary relationship has any bearing on whether a defendant is an employer under the separate "economic realities" standard. (Indeed, the plaintiff in *Bey* was found to have adequately alleged that a defendant

was her employer "as a matter of economic reality for purposes of the FLSA." 2018 WL 2018104, at *8–9; *see also id.* at *6.) The third decision, *Edmondson v. Nissan N.A., Inc.*, No. 3:22-cv-00513, 2023 WL 6368169, at *3 (M.D. Tenn. Sept. 27, 2023) (cited in ECF No. 24, PageID.239) held that a plaintiff adequately alleged that Nissan was a "joint employer" for purposes of a Title VII discrimination claim. *Edmondson* sheds no light on what is required to state a claim under the FLSA.

For similar reasons, the Court finds no merit to Defendant's suggestion that the Complaint should be dismissed because the "alleged facts are equally consistent with lawful corporate organization." (ECF No. 24, PageID.243.) Defendant characterizes Plaintiff's allegations as "describ[ing] a large healthcare system in which affiliated entities share policies, administrative platforms, and operational standards" and suggests that this "structure is entirely consistent with a commonplace parent subsidiary relationship in which legally distinct entities coordinate at the enterprise level while retaining separate employment responsibilities." (*Id.*) Defendant's characterization of the facts may or may not be borne out in discovery, but, at this stage of the case, the only question before the Court is whether Plaintiff's Complaint adequately

alleges that Defendant is Plaintiff's employer. It does, for the reasons set out in the R&R. (*See* ECF No. 23, PageID.222–224.)

ii. Compliance with *Twombly* and *Iqbal*

Defendant also argues that Judge Grand erred by treating legal conclusions as allegations of fact. It claims that, to satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint "must allege who at Trinity took specific actions, what those actions were, and how they affected the terms and conditions of Plaintiff's employment." (ECF No. 24, at PageID.240.)

The Court disagrees. *Iqbal* and *Twombly* do not require the level of specificity that Defendant claims. *See O'Neal v. Denn-Ohio*, LLC, No. 3:19-CV-280, 2020 WL 210801, at *3 (N.D. Ohio Jan. 14, 2020) (rejecting similar Rule 12(b)(6) arguments in an FLSA case because "*Twombly* and *Iqbal* require plausibility, not particularity"). Further, as detailed in the R&R, the Complaint does not rest on conclusory labels and instead sets forth factual allegations that plausibly allege that Defendant is Plaintiff's employer under the FLSA. (*See* ECF No. 23, PageID.222–224.)

The cases Defendant cites (ECF No. 24, PageID.240) do not support its argument that the R&R fails to abide by *Twombly* and *Iqbal*.

*Weisbarth v. Geauga Park Dist.*, 499 F.3d 538 (6th Cir. 2007) addressed the sufficiency of allegations of retaliation under the First Amendment, and the portion of the opinion that Defendant cites merely sets forth *Twombly*'s legal standard for Rule 12(b)(6) motions. *See id.* at 541. *Bey v. WalkerHealthCareIT, LLC* (addressed above) nowhere states that allegations of an employment relationship require the specificity Defendant claims and rather held that repeated, "conclusory" allegations that companies engaged in a "joint business effort" did not suffice to allege that "two companies had interrelated operations, common management, centralized control of labor relations, or common ownership" under a "four-factor test used by the Sixth Circuit in making joint employer determinations in the context of the National Labor Relations Act." *See* 2018 WL 2018104, at *9.

In short, the Court finds no merit to Defendant's argument that the R&R misapplies *Twombly* and *Iqbal*.

iii. <u>Sufficiency of Plaintiff's Factual Allegations</u>

Finally, Defendant argues that the Complaint lacks "factual content showing that the defendant exercised meaningful control over the plaintiff's employment in practice." (ECF No. 24, PageID.241–242.)

This argument ignores the portion of the R&R that identifies allegations that, taken as true, suffice to demonstrate Defendant's supervision and control of relevant aspects of Plaintiff's employment, including its setting of policies for timekeeping and compensation. (*See* ECF No. 23, PageID.223–224.) Defendant also ignores Judge Grand's observation that a complaint against a purported employer need not address every single factor of the multi-factor "economic realities" test to survive a motion to dismiss. (*See id.* at PageID.223 ("Although [Plaintiff's] allegations may not address all of these factors [identified in *Rhea*, 825 F. App'x at 276], he was not required to do so to overcome [Defendant's] motion." (citing *Hamm v. Acadia Healthcare Co.*, No. 3:21-CV-00550, 2022 WL 3129033, at *5 (M.D. Tenn. Aug. 4, 2022))).)

In sum, Defendant does not demonstrate that Judge Grand erred in concluding that the Complaint plausibly alleges that Defendant was Plaintiff's "employer" under 29 U.S.C. § 203(d). Accordingly, Defendant's first objection is overruled.

**B. Objection No. 2: Standing**

In its second objection, Defendant argues that Judge Grand erred in concluding that Plaintiff has standing to sue Defendant. (*See* ECF No.

24, PageID.244–245.) Defendant acknowledges that "Plaintiff's theory of standing rises or falls with his ability to plausibly allege that Trinity was his employer." (*Id.* at PageID.244.) Because the Court agrees with Judge Grand that Plaintiff plausibly alleges that Defendant is his employer, Defendants' second objection is overruled.

### C. Objection No. 3: Plaintiff's Connecticut Pleading

In its third objection, Defendant argues that Judge Grand erred in declining to consider the contents of a complaint that Plaintiff filed in state court in Connecticut. (*See* ECF No. 24, PageID.245–246.) The state-court complaint appears to have been filed approximately three months after the Complaint at issue here. (*See* ECF No. 21, PageID.187.) It names Saint Francis Hospital Medical Center as the sole defendant and asserts similar claims for unpaid wages on behalf of a class of similarly situated individuals who have worked for Saint Francis in "patient care roles." (*See id.* at PageID.187.) The state-court complaint alleges that, "[a]t all material times," Saint Francis was an "employer within the meaning of the CGSA § 31-58." (*Id.* at PageID.191.)

Defendant's objection ignores the fact that Judge Grand did not ultimately refuse to consider the state-court complaint. Rather, the R&R

concludes that the "allegations in [Plaintiff's] state court complaint do not compel a finding that his allegations in this case are inadequate to overcome [Defendant's] motion to dismiss." (ECF No. 23, PageID.226.) The Court agrees with this conclusion.[1] As noted above, the FLSA contemplates situations in which multiple entities each qualify as an "employer." *See Fegley*, 19 F.3d at 1131. Given this framework, Plaintiff's decision to sue Saint Francis as his "employer" in a state-law hours-and-wages case filed in Connecticut (where Saint Francis is located) does not preclude Plaintiff from establishing that Defendant is his "employer" as part of this case, and thus does not provide a basis to conclude that Plaintiff fails to plausibly allege that Defendant is his "employer" for

[1] The R&R suggests that a party's state-court pleading may never be considered in the context of a motion to dismiss. (*See* ECF No. 23, PageID.225–226 (discussing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812 (6th Cir. 2010) and *Misfud v. Uber Techs., Inc.*, 203 F. Supp. 3d 820, 823, 828 (E.D. Mich. 2016)).) More recent authority clarifies that district courts may "take judicial notice of 'public records' without converting a motion to dismiss into a summary-judgment motion." *Blackwell v. Nocerini*, 123 F.4th 479, 487 (6th Cir. 2024) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). This rule is not limited to judicial opinions and applies to any public record. "This exception, though, generally allows a court to conclude only that the record exists; the exception does not allow the court to treat all information in the record as true." *Id.* (citations omitted). "At most, courts may take judicial notice of facts in a public record that 'are not subject to reasonable dispute'—such as the court's ultimate resolution of a prior case." *Id.* at 487–88 (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)) (other citations omitted).

purposes of a motion to dismiss under Rule 12(b)(6). Indeed, Plaintiff's Complaint asserts that Defendant is a "joint employer[]" (ECF No. 1, PageID.6, ¶ 19) and thus indicates that Plaintiff believes that at least one other person or entity (presumably Saint Francis) *also* qualifies as his "employer" under 29 U.S.C. § 203(d).

Accordingly, Defendant's third objection is overruled.

### D. Unobjected to Portions of the R&R

Defendant does not object to the R&R's conclusion that Plaintiff adequately pleads facts that support proceeding as a collective action. (*See* ECF No. 23, PageID.227–230.) The Court has nevertheless carefully reviewed and agrees with the R&R's conclusion regarding the adequacy of these allegations. The Court thus adopts this portion of the R&R.

## IV. Conclusion

For the reasons set forth above, Defendant's objections (ECF No. 24) are OVERRULED. Judge Grand's R&R (ECF No. 23) is ADOPTED and Defendant's motion to dismiss (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: August 24, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2026.

s/Tina Damoah
TINA DAMOAH
Case Manager